IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| JUAN JOSE CASTRO, JR.,<br><br>               Plaintiff,<br><br>   v.<br><br>RIVERSIDE COUNTY SHERIFFS DEP'T, et al.,<br><br><br>               Defendants. | NO. EDCV 23-1635-RGK (AGR)<br><br>**ORDER OF DISMISSAL WITHOUT PREJUDICE** |

## I.

## PROCEDURAL HISTORY

Plaintiff, proceeding *pro se*, filed this civil rights action on August 11, 2023. Plaintiff filed the operative Second Amended Complaint on April 1, 2025. (Dkt. No. 51.) The sole named defendant is Defendant Fawcett, who filed an answer.[1] (Dkt. No. 55.)

On January 28, 2026, Defendant filed a motion for discovery sanctions or, alternatively, dismissal of this action with prejudice after, among other things,

---

[1] On its own motion, the court extended the time for Plaintiff to file a motion that notifies the court of the identities of the three Doe Blue Team deputy defendants to October 15, 2025. (Dkt. No. 54 at 3-4.) Plaintiff did not file a timely motion or request an extension of time to file such a motion.

1

Plaintiff failed to appear and testify at his scheduled deposition. (Dkt. No. 71.) On February 23, 2025, Plaintiff filed a letter that sought to explain why he had not yet identified three Doe defendants but did not address his failure to appear at his deposition. (Dkt. No. 75.)

According to Defendant, Plaintiff was served on January 12, 2026 with a notice of his deposition on January 26, 2026 at 11:00 a.m. (Christiansen Decl. ¶¶ 2-3 & Exh. A.) Plaintiff did not appear at 11:00 a.m. and left a voicemail message at 3:19 p.m. on January 26, 2026 stating that he was in custody at a Riverside county jail. (*Id.* ¶¶ 4, 6.) Apparently, the court received a change of address from Plaintiff without a case number on January 22, 2026, and docketed it in this case on January 28, 2026, after the date of the deposition. (Dkt. No. 69.)

The court issued two orders dated February 23, 2026 and mailed both to the address provided by Plaintiff in Dkt. No. 69. Both orders were returned by the postal service as undeliverable. (Dkt. Nos. 77, 78.) The court re-mailed orders to the last address provided by Plaintiff in his most recent filing. (Dkt. No. 75.)

The magistrate judge issued an Order to Show Cause ("OSC") in writing by April 10, 2026, why this action should not be dismissed without prejudice for failure to prosecute. (Dkt. No. 80.) The OSC and all court orders have been returned by the postal service as undeliverable. (Dkt. Nos. 81, 82, 83, 84.)

Plaintiff has not filed a Notice of Change of Address and this court has no means of contacting Plaintiff.

## II.

## DISCUSSION

Local Rule 41-6 requires that a Plaintiff proceeding pro se must keep the Court apprised of the Plaintiff's current address.  In addition, Local Rule 41-6 provides that "the Court may dismiss the action with or without prejudice for want of prosecution" if the Plaintiff fails to notify the Court in writing of Plaintiff's current address within 15 days after mail is returned as undeliverable by the Postal Service.

Plaintiff has failed to notify the court in writing of Plaintiff's current address within 15 days after mail is returned as undeliverable as required in Local Rule 41-6.

In determining whether to dismiss a case for failure to prosecute or failure to comply with court orders, a district court should consider five factors:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions.  *See In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (failure to prosecute after mail is returned by postal service as undeliverable).

The first two factors – the public's interest in expeditious resolution of litigation and the court's need to manage its docket – weigh in favor of dismissal.

Plaintiff has failed to provide the court with a current address and failed to respond to the court's orders.  Plaintiff's conduct hinders the court's ability to move this case toward disposition and indicates that Plaintiff does not intend to litigate this action diligently.

The third factor – prejudice to defendants – also weighs in favor of dismissal.  A presumption of prejudice to defendants arises when there is a failure to prosecute diligently.  *Eisen*, 31 F.3d at 1452-53.  That presumption may be rebutted when a plaintiff proffers an excuse for delay.  Plaintiff has failed to come forward with any excuse or reason for delay.  *See Carey*, 856 F.2d at 1441 ("It would be absurd to require the district court to hold a case in abeyance indefinitely just because it is unable, through the plaintiff's own fault, to contact the plaintiff to determine if his reasons for not prosecuting his lawsuit are reasonable or not.").

The fourth factor – public policy in favor of deciding cases on their merits – weighs against dismissal.  It is, however, a plaintiff's responsibility to move a case towards a disposition at a reasonable pace and to avoid dilatory tactics.  *See Morris v. Morgan Stanley Co.*, 942 F.2d 648, 652 (9th Cir. 1991).  Plaintiff has not discharged this responsibility.  The public policy favoring resolution of disputes on the merits does not outweigh Plaintiff's failure to provide the court with a correct address or respond to a court order.

The fifth factor – availability of less drastic sanctions – weighs in favor of dismissal.  Given that Plaintiff has not responded to the court's orders and the

4

court has no means of contacting Plaintiff, no lesser sanction is available. *See Fellows v. Hartley*, 2010 WL 1335393, *2 (E.D. Cal. 2010), *adopted in full*, 2010 WL 398973 (E.D. Cal. 2010); *see also Carey*, 856 F.2d at 1441.

Taking all of the above factors into account, dismissal for failure to prosecute is appropriate.

Accordingly, IT IS ORDERED that this action is DISMISSED WITHOUT PREJUDICE and that judgment be entered accordingly. All pending motions are denied as moot.

**IT IS SO ORDERED.**

DATED: 4/15/2026

_____
R. GARY KLAUSNER
United States District Judge